*527 Kennedy, J.,
concurring in judgment only.
{¶ 28} I concur in the majority’s judgment that ProgressOhio, Michael Skin-dell, and Dennis Murray lack standing, in this case, to challenge the constitutionality of R.C. 187.01 et seq. and 4313.01 et seq. (“the JobsOhio legislation”). However, I write separately to address the public-policy concerns that the majority summarily dismisses.
{¶ 29} Appellants argue that if they do not have standing, no one will be able to challenge the constitutionality of the JobsOhio legislation, because they are the only group to have done so within the 90-day statutory time limitation. R.C. 187.09(B). In dismissing appellants’ claim that they are the only ones who timely filed an action challenging the constitutionality of the JobsOhio legislation, the majority writes, “Appellants are mistaken. Both R.C. 187.09(C) and (D) provide extended statutes of limitations for challenges to JobsOhio.” Majority opinion at ¶ 24. I disagree.
R.C. 187.09
{¶ 30} R.C. 187.09 provides:
(B) Except as provided in division (D) of this section, any claim asserting that any one or more sections of the Revised Code amended or enacted by H.B. 1 of the 129th general assembly, any section of Chapter 4313. of the Revised Code enacted by H.B. 153 of the 129th general assembly, or any portion of one or more of those sections, violates any provision of the Ohio Constitution shall be brought in the court of common pleas of Franklin county within ninety days after the effective date of the amendment of this section by H.B. 153 of the 129th general assembly.
(C) Except as provided in division (D) of this section, any claim asserting that any action taken by JobsOhio violates any provision of the Ohio Constitution shall be brought in the court of common pleas of Franklin County within sixty days after the action is taken.
(Emphasis added.)
{¶ 31} The divisions within R.C. 187.09 are separate and distinct.
{¶ 32} Am.Sub.H.B. No. 1, effective February 18, 2011, and Am.Sub.H.B. No. 153, effective September 29, 2011, created JobsOhio. R.C. 187.09(B) sets forth a time limitation on challenging the constitutionality of the creation of JobsOhio, *528 while division (C) sets forth a time limitation on challenging the constitutionality of an action by JobsOhio.
{¶ 33} The majority declares that an individual with proper standing could challenge the constitutionality of the 90-day time limitation in R.C. 187.09(B). But who could meet the justiciability requirement, because cases filed in a common pleas court require a concrete injury? See Ohio Trucking Assn. v. Charles, 134 Ohio St.3d 502, 2012-Ohio-5679, 983 N.E.2d 1262, quoting State ex rel. Ohio Academy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451, 469-470, 715 N.E.2d 1062 (1999) (“ ‘ In order to have standing to attack the constitutionality of a legislative enactment, the private litigant must generally show that he or she has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury’ ”).
{¶ 34} At oral argument, the state appellees, the governor, the directors of development and the office of budget and management, and the treasurer suggested that those holding the bonds secured by profits from the sale of liquor and liquor-permit holders may have standing under R.C. 187.09(C). However, those arguments ring hollow. Pursuant to R.C. Chapters 151 and 166, the state has authority only to issue a bond, while JobsOhio has authority only to pay off a bond, pursuant to R.C. 4313.02(B)(1). Moreover, only the proceeds from the sales of liquor flow through to JobsOhio, while the state retains the right to issue permits and regulate or sanction permit holders. See State ex rel. JobsOhio v. Goodman, 133 Ohio St.3d 297, 2012-Ohio-4425, 978 N.E.2d 153, ¶4, 5; R.C. 4313.02(E). Therefore, it is unclear how a party would have standing to challenge the constitutionality of the JobsOhio legislation, because it is the state that issues bonds and regulates the liquor business.
{¶ 35} However, while appellants have raised valid policy concerns and the possibility exists that no one will have standing to bring an action pursuant to R.C. 187.09(B), those concerns and possibilities alone cannot confer standing on appellants.
{¶ 36}iJlí|ierefore, I concur in the majority’s judgment.